## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY WHITSEL, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:25-cv-00151 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Maureen P. Kelly |
| ALLEGHENY CLINIC (subsidiary of West | ) | |
| Penn Allegheny Health System, Inc.) and | ) | *Electronically filed* |
| ALLEGHENY HEALTH NETWORK, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Allegheny Clinic, a subsidiary of West Penn Allegheny Health System, Inc.
("Allegheny Clinic") and Allegheny Health Network ("AHN") (collectively Allegheny Clinic and
AHN are referred to as "Defendants"), by and through undersigned counsel submit the following
Answer to the Complaint ("Complaint") filed by Plaintiff, Amy Whitsel ("Whitsel" or "Plaintiff").
The numbered paragraphs below correspond to the like-numbered paragraphs of the Complaint.
Unless specifically admitted herein, each factual allegation in the Complaint is denied.

## INTRODUCTION

1.      The averments contained in Paragraph 1 set forth conclusions of law to which no
response is required. To the extent this Paragraph contains factual averments, or it is otherwise
determined that a response is required, the averments are denied.

2.      It is generally admitted that patients seen by physicians practicing Maternal Fetal
Medicine ("MFM") are female and ordinarily identified as high-risk. The averments of this
Paragraph are otherwise denied as stated.

3.      Defendants specifically deny the allegations in this Paragraph, and any other
characterization that alleges, implies, suggests or otherwise undermines that Defendants have in
any way failed to provide the highest standards of care to all of their patients – MFM or otherwise.

Defendants also specifically deny any further or other characterization that alleges, implies, suggests or otherwise undermines their commitment to ensure an open, safe, and inclusive working environment for their providers to care for all of their patients – MFM or otherwise.

4.      The averments contained in Paragraph 4 set forth conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, or it is otherwise determined that a response is required, the averments are denied.

5.      The averments contained in Paragraph 5 set forth conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, or it is otherwise determined that a response is required, the averments are denied.

6.      The averments contained in Paragraph 6 set forth conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, or it is otherwise determined that a response is required, the averments are denied.

7.      The averments contained in Paragraph 7 set forth conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, or it is otherwise determined that a response is required, the averments are denied.

8.      The averments contained in Paragraph 8 set forth conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, or it is otherwise determined that a response is required, the averments are denied.

## PARTIES, JURISDICTION & VENUE

9.      It is admitted that Amy Whitsel, M.D. is the Plaintiff to this action. It is further admitted that Plaintiff is a former employee of Allegheny Clinic. After reasonable investigation, Defendants are without knowledge of information sufficient to form a belief as to Plaintiff's address or residency and therefore deny same.

10.    Admitted.

11.    Admitted.

12.    It is denied that Allegheny Clinic is a clinical location. The remaining allegations of Paragraph 12 are admitted.

13.    Admitted with the clarification that not all of the counted employees are directly employed by AHN. For example, many physicians are employed by Allegheny Clinic.

14.    Admitted.

15.    It is unclear what Plaintiff means to reference in using the term "primary medical professional." Nevertheless, it is admitted that Plaintiff was primarily scheduled to work in the Wexford Health and Wellness Pavilion. To the extent the averments of Paragraph 15 mean to assert some other meaning to the term "primary medical professional" such allegations are denied as stated. Additionally, Plaintiff was employed by Allegheny Clinic, **not** AHN. Any averment to the contrary is specifically denied.

16.    Admitted, upon information and belief.

17.    The averments contained in Paragraph 17 set forth conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, or it is otherwise determined that a response is required, the averments are denied.

18.    The averments contained in Paragraph 18 set forth conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, or it is otherwise determined that a response is required, the averments are denied.

**ADMINISTRATIVE REMEDIES**

19.    It is admitted only that Plaintiff filed a Charge of Discrimination with the EEOC and PHRC. The remaining averments contained in Paragraph 19 set forth conclusions of law to

which no response is required. To the extent a response may be deemed required, the averments are denied.

20.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments in Paragraph 20 and therefore deny same.

21.     Denied.

22.     The averments contained in Paragraph 22 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

23.     The averments contained in Paragraph 23 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

24.     The allegations in Paragraph 24 assert a future intention of Plaintiff and Defendants lacks knowledge or information sufficient to form a belief about the allegations. However, Defendants denies the validity of any subsequently asserted cause of action or that Plaintiff has any right to recover damages thereunder.

**<u>BACKGROUND</u>**

25.     Admitted.

26.     Admitted.

27.     Admitted with clarification. Plaintiff was employed by Allegheny Clinic and worked primarily at the Wexford Health and Wellness Pavilion.

28.     It is admitted only that the narrative set forth in Paragraph 28 lists some of the functions, duties, and areas of focus for doctors who practice MFM. To the extent such narrative is meant to assert that those are the only functions, duties, or areas of focus for such physicians, those allegations are denied.

4

29.    Defendants generally admit that MFM patients – like all patients – require and deserve the highest quality medical care.

30.    Admitted with clarification. Dr. Klapper's former title was Physician Chair of the Women's Institute.

31.    Denied.

32.    Admitted.

33.    Denied.

34.    Admitted.

35.    Admitted.

36.    Admitted with clarification. MMRC stands for "Maternal Mortality Review Committee"; and, Plaintiff was employed by Allegheny Clinic, **not** AHN.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    The averments contained in Paragraph 41 set forth conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, or it is otherwise determined that a response is required, the averments are denied.

***Complaints regarding JC Consent Forms[1]***

42.    Denied.

43.    Denied as stated.

---

[1] Defendants recite the headings set forth in Plaintiff's Complaint for reference only. To the extent the contents of such headings are deemed to contain factual allegations, those allegations are denied.

44.     Admitted in part and denied in part. It is admitted only that AHN physicians do perform sonohysterograms to produce reviewable images of the inside of the uterus. The remaining averments in this Paragraph concern and cite to a written document, the contents and requirements of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

45.     The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

46.     The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

47.     The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

48.     The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

49.     Denied as stated.

50.     Denied.

***Complaints regarding Patient Safety and Quality of Care***

51.     Admitted.

52.     Admitted with clarification. Dr. Ramaeker is presently forty-three (43) years old.

53.     Denied as stated.

54.    Denied as stated.

55.    The averments of Paragraph 55 relay Plaintiff's state of mind and subjective belief. Defendants are insufficiently situated to determine Plaintiff's state of mind and therefore deny those allegations. Defendants otherwise deny the accuracy of Plaintiff's characterizations of her subjective beliefs as set forth in this Paragraph.

56.    Denied as stated.

57.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

58.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

59.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

60.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

61.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

62.    Denied.

*Complaints regarding patient charts*

63.    The averments of Paragraph 63 relay Plaintiff's state of mind and subjective belief. Defendants are insufficiently situated to determine Plaintiff's state of mind and therefore deny those allegations. Defendants otherwise deny the accuracy of Plaintiff's characterizations of her subjective beliefs as set forth in this Paragraph.

64.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

65.    Denied as stated.

66.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

67.    To the extent the averments in this Paragraph relate to a written email communication, the contents and requirements of which speak for itself; and in the event the averments of this Paragraph misstate or mischaracterize the contents such writing, those allegations are denied. The averments of this Paragraph are similarly and otherwise denied.

68.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied. By way of further response, Defendants specifically deny that "physicians were not reading patient charts as a result."

69.    Denied as stated.

70.    Denied as stated.

71.    Denied as stated.

72.     Denied as stated.

73.     The averments of Paragraph 73 relay Plaintiff's state of mind and subjective belief. Defendants are insufficiently situated to determine Plaintiff's state of mind and therefore deny those allegations. Defendants otherwise deny the accuracy of Plaintiff's characterizations of her subjective beliefs as set forth in this Paragraph.

74.     Denied as stated.

75.     Denied.

***Complaints regarding sexism and physician burnout withing the OB-GYN Department***

76.     Denied as stated.

77.     It is admitted only that during her tenure Plaintiff generally – not specifically – took issue with certain differences between employees which she attributed to sex. It was explained to Plaintiff that such differences were a result of professional accomplishments and other legitimate business considerations, not sex. Defendants deny that there was any legitimacy to Plaintiff's generalized concerns, and further deny that Defendants promoted, compensated, or otherwise treated physicians, or any other employees more or less favorably because of their sex.

78.     Denied as stated.

79.     Denied as stated.

80.     Denied as stated.

81.     Denied as stated.

82.     Denied as stated. By way of further response, it is acknowledged that Plaintiff was not permitted to attend the training she describes in Paragraph 82 of the Complaint because – unlike other physicians – she did not have the time off to do so, nor did she maintain a formal position warranting as much – both of which were explained to her.

83.    Denied as stated.

84.    Denied.

*AHN Response to Dr. Whitsel's Complaint*

85.    Denied as stated.

86.    It is admitted only that, on occasion, Plaintiff did reach out to counsel on behalf of AHN. The averments of this Paragraph are otherwise denied as stated.

87.    It is admitted only that, on occasion, Plaintiff did reach out to Dr. Klein-Patel, and the written communications speak for themselves. The averments of this Paragraph are otherwise denied as stated.

88.    Denied.

89.    Denied as stated.

90.    Denied as stated.

*Dr. Whitsel's Termination*

91.    Denied as stated.

92.    Denied as stated.

93.    Denied as stated.

94.    The averments in this Paragraph relate to a written communication, the contents and requirements of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

95.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

96.    The averments of Paragraph 96 relay Plaintiff's understanding and subjective belief. Defendants are insufficiently situated to determine Plaintiff's state of mind and therefore deny those allegations.

97.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

98.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments in Paragraph 98 and therefore deny same.

99.    Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments in Paragraph 99 and therefore deny same.

100.    Denied.

101.    Admitted.

102.    It is admitted that Ms. Washburn and Dr. Ramaeker cited "business reasons" as the basis for the decision to not renew Plaintiff's contract. The remaining allegations of Paragraph 102 are denied as stated.

103.    Denied as stated.

104.    Denied as stated.

105.    It is denied that Dr. Ramaeker offered to communicate Plaintiff's "termination immediately." The remaining allegations of Paragraph 105 are admitted.

106.    Denied.

107.    The averments of Paragraph 107 relay Plaintiff's state of mind and subjective belief. Defendants are insufficiently situated to determine Plaintiff's state of mind and therefore

deny those allegations. Defendants otherwise deny the accuracy of Plaintiff's characterizations of her subjective beliefs as set forth in this Paragraph.

108.    The averments of Paragraph 108 relay Plaintiff's state of mind and subjective belief. Defendants are insufficiently situated to determine Plaintiff's state of mind and therefore deny those allegations. Defendants otherwise deny the accuracy of Plaintiff's characterizations of her subjective beliefs as set forth in this Paragraph

109.    Admitted.

110.    The averments in this Paragraph relate to writings, the contents of which speak for themselves. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

111.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

112.    The averments in this Paragraph relate to a written email communication, the contents of which speak for itself. To the extent the allegations of this Paragraph misstate or mischaracterize the contents thereof, those allegations are denied.

113.    The averments of Paragraph 113 relay Plaintiff's state of mind and intention. Defendants are insufficiently situated to determine Plaintiff's state of mind or intention and therefore deny those allegations. Defendants otherwise deny the accuracy of Plaintiff's characterizations of her subjective beliefs as set forth in this Paragraph.

114.    Admitted.

115.    Denied as stated.

116.    The averments of Paragraph 116 relay Plaintiff's knowledge and timing of notice. Defendants are insufficiently situated to determine Plaintiff's state of mind and therefore deny those allegations. However, it is admitted that Plaintiff's contract was not renewed, and she was terminated effective December 31, 2023.

117.    Denied as stated.

118.    Denied as stated.

119.    The averments of Paragraph 119 relay Plaintiff's knowledge and timing of notice. Defendants are insufficiently situated to determine Plaintiff's state of mind and therefore deny those allegations. However, it is admitted that Claire Corner met with Plaintiff as part of an investigation.

120.    Denied as stated.

121.    Denied.

122.    It is admitted only that Plaintiff met with Ms. Washburn and Dr. Klein-Patel on the dated alleged and that they cited "business reasons" as the basis for the decision not to renew her contract. The remaining allegations of Paragraph 122 are denied as stated.

123.    Admitted with the clarification that Plaintiff was employed by Allegheny Clinic, not AHN.

*Post-Termination Retaliation*

124.    The averments contained in Paragraph 124 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied. Moreover, Defendants specifically deny that they breached or violated any legal obligation to Plaintiff and/or caused her any harm or damages.

125.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments in Paragraph 125 and therefore deny same.

126.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments in Paragraph 126 and therefore deny same.

127.    Denied as stated.

128.    Denied as stated.

129.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments in Paragraph 129 and therefore deny same.

130.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments in Paragraph 130 and therefore deny same.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Admitted.

135.    It is admitted only that Plaintiff's credentialing records and other records were released to Independence after appropriate internal review. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments in Paragraph 135 regarding the dates Plaintiff was scheduled to begin, and did begin,

employment with Independence. The remaining averments of this Paragraph are otherwise denied as stated.

<u>COUNT I</u>
<u>VIOLATION OF PENNSYLVANIA WHISTLEBLOWER LAW</u>

136.    Paragraph 136 is a paragraph of incorporation to which no response is required. Defendants likewise incorporate their responses to Paragraphs 1 – 135 as if set forth in full herein.

137.    The averments contained in Paragraph 137 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

138.    The averments contained in Paragraph 138 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

139.    The averments contained in Paragraph 139 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

140.    The averments contained in Paragraph 140 set forth statements of authority and conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

141.    The averments contained in Paragraph 141 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

142.    The averments contained in Paragraph 142 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

143.    The averments contained in Paragraph 143 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

144.    The averments contained in Paragraph 144 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

145.    The averments contained in Paragraph 145 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

146.    The averments contained in Paragraph 146 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

147.    The averments contained in Paragraph 147 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

148.    The averments contained in Paragraph 148 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

149.    The averments contained in Paragraph 149 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

150.    The averments contained in Paragraph 150 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

151.    The averments contained in Paragraph 151 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

152.    The averments contained in Paragraph 152 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

153.    The averments contained in Paragraph 153 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

154.    The averments contained in Paragraph 154 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

155.    The averments contained in Paragraph 155 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

156.    The averments contained in Paragraph 156 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

157.    The averments contained in Paragraph 157 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

158.    The averments contained in Paragraph 158 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

159.    The averments contained in Paragraph 159 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

160.    The averments contained in Paragraph 160 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

161.    The averments contained in Paragraph 161 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

162.    The averments contained in Paragraph 162 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

163.    The averments contained in Paragraph 163 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

164.    The averments contained in Paragraph 164 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

165.    The averments contained in Paragraph 165 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

166.     The averments contained in Paragraph 166 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

167.     The averments contained in Paragraph 167 set forth statements of authority to which no response is required. To the extent a response may be deemed required, the accuracy and applicability of the cited authority are denied.

168.     The averments contained in Paragraph 168 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

169.     The averments contained in Paragraph 169 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

170.     The averments contained in Paragraph 170 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

171.     Denied.

172.     The averments contained in Paragraph 172 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

173.     The averments contained in Paragraph 173 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

174.     The averments contained in Paragraph 174 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

175.     The averments contained in Paragraph 175 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

## <u>COUNT II</u>
## <u>AGE DISCRIMINATION UNDER THE ADEA</u>

176.    Paragraph 176 is a paragraph of incorporation to which no response is required. Defendants likewise incorporate their responses to Paragraphs 1 – 175 as if set forth in full herein.

177.    The averments contained in Paragraph 177 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

178.    Upon information and belief, it is admitted only that Plaintiff has correctly stated her age. The remaining averments contained in Paragraph 178 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

179.    Denied.

180.    Denied as stated.

181.    The averments contained in Paragraph 181 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

182.    The averments contained in Paragraph 182 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments of Paragraph 182 and footnote 2 are denied.

183.    Denied.

184.    Denied.

185.    The averments contained in Paragraph 185 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

186.    The averments contained in Paragraph 186 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

187.    The averments contained in Paragraph 187 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

188.    The averments contained in Paragraph 188 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

189.    The averments contained in Paragraph 189 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

190.    The averments contained in Paragraph 190 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

191.    The averments contained in Paragraph 191 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

## COUNT III
## VIOLATION OF TITLE VII: SEX DISCRIMINATION

192.    Paragraph 192 is a paragraph of incorporation to which no response is required. Defendants likewise incorporate their responses to Paragraphs 1 – 191 as if set forth in full herein.

193.    The averments contained in Paragraph 193 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

194.    The averments contained in Paragraph 194 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied. In further reply to Paragraph 194, Defendants respond as follows:

      a.    Denied.

      b.    Denied.

      c.    Denied.

      d.    Denied.

195.    The averments contained in Paragraph 195 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

196.    The averments contained in Paragraph 196 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

197.    The averments contained in Paragraph 197 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

198.    The averments contained in Paragraph 198 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

199.    The averments contained in Paragraph 199 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

200.    The averments contained in Paragraph 200 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

<u>**COUNT IV**</u>
<u>**VIOLATION OF TITLE VII: RETALIATION**</u>

201.    Paragraph 201 is a paragraph of incorporation to which no response is required. Defendants likewise incorporate their responses to Paragraphs 1 – 200 as if set forth in full herein.

202.    The averments contained in Paragraph 202 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

203.    The averments contained in Paragraph 203 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

204.    Denied as stated.

205.    Denied as stated.

206.    The averments contained in Paragraph 206 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

207.    The averments contained in Paragraph 207 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

208.    The averments contained in Paragraph 208 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

209.    The averments contained in Paragraph 209 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

210.    The averments contained in Paragraph 210 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

211.    The averments contained in Paragraph 211 set forth conclusions of law to which no response is required. To the extent a response may be deemed required, the averments are denied.

**The unnumbered WHEREFORE clause and subparagraphs a) – f) immediately following paragraph 211 contain a prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief, requested or otherwise.

## AFFIRMATIVE & ADDITIONAL DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims. Defendants have not yet obtained discovery from Plaintiff and others in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to other defenses, Defendants set forth the following affirmative defenses within the meaning of Fed. R. Civ. P. 8(c) as well as additional defenses:

1.    The Complaint fails in whole or in part to state a claim upon which relief may be granted because there is no basis for Plaintiff to recover damages from Defendants.

2.      Plaintiff cannot maintain a claim against Defendants under the Pennsylvania Whistleblower Law because she did not make a good faith report of waste or wrongdoing to Defendants or an appropriate authority within the definition provided by law.

3.      Even if Plaintiff did engage in activity protected under applicable law – which Defendants specifically deny – there is no causal connection between such activity and any adverse action for many reasons, including but not limited to the lack of temporal proximity.

4.      At no time did Defendants engage in wrongdoing or waste under any applicable statutes or Pennsylvania common law.

5.      Plaintiff cannot maintain a claim against Defendants under the Age Discrimination in Employment Act ("ADEA"), the PHRA or otherwise because Defendants did not and have not discriminated against Plaintiff on any basis prohibited by the ADEA, the PHRA or for any other unlawful reason.

6.      Plaintiff cannot maintain a claim against Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"), the PHRA or otherwise because Defendants did not and have not discriminated against Plaintiff on any basis prohibited by Title VII, the PHRA or for any other unlawful reason.

7.      Plaintiff cannot maintain a claim against Defendants for retaliation under Title VII or otherwise because Plaintiff did not engage in any protected activity.

8.      Plaintiff's employment contract was not renewed for reasonable, legitimate factors other than age, sex, and/or alleged whistleblower activity.

9.      The MFM department Plaintiff complains of happily employs other physicians in her protected classes (over 40, female), including but not limited to Dr. Jennifer Celebrezze who Plaintiff avers in Paragraph 40 of her Complaint as being age 56.

24

10.    The decisionmakers are in the same protected class as Plaintiff (female).

11.    To the extent revealed in discovery, Plaintiff's claims may be barred, in whole or in part, by the expiration of the applicable statute of limitations.

12.    Plaintiff's claims are barred, in whole or in part, by the discovery of after-acquired evidence of Plaintiff's misconduct or wrongdoing, including but not limited to Plaintiff's theft of Defendants' confidential and proprietary business information.

13.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

14.    Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, waiver, estoppel, unclean hands, release, or other equitable defenses.

15.    Plaintiff has not incurred any actual injury or damages.

16.    Plaintiff failed to mitigate her damages.

17.    Plaintiff's claims were brought in bad faith, are frivolous, unreasonable, and without foundation – as evidenced by her inclusion of scandalous, irrelevant, and nonsensical allegations included for inappropriate reasons – therefore, Defendants may be entitled to recovery of their attorneys' fees and costs.

18.    Plaintiff is not entitled to compensatory damages.

19.    At all times relevant, Defendants acted reasonably and in good faith such that Plaintiff is not entitled to punitive damages.

20.    Neither AHN nor Allegheny Clinic are a "public body" in accordance with applicable law.

21.    Plaintiff did not suffer an adverse employment action. Instead, her contract of employment ended and was not renewed.

22.    Defendants reserve the right to amend their pleading, to add defenses and affirmative defenses, to add counterclaims and third-party defendants, and to argue legal theories in addition to or in lieu of those specifically identified herein as the facts in this matter may warrant, including, without limitation, additional or further facts hereafter disclosed through discovery.

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff. Defendants further request that Plaintiff takes nothing by way of the Complaint, Defendants be awarded their costs, disbursements, attorneys' fees and expenses incurred with respect to this action as well as prejudgment and post-judgment interest thereon, and all other relief deemed necessary and proper by the Court.

Date: February 7, 2025                                Respectfully submitted,


 /s/ *Jaime S. Tuite*
Jaime S. Tuite (PA 87566)
jaime.tuite@bipc.com
Amanda Scarpo (PA 318596)
amanda.scarpo@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Phone: (412) 562-8800
Fax: (412) 562-1041

*Attorney for Defendants Allegheny Clinic and*
*Allegheny Health Network*