# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY WHITSEL, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLEGHENY CLINIC (subsidiary of West ) <br> Penn Allegheny Health System, Inc.) and ) <br> ALLEGHENY HEALTH NETWORK, ) <br> ) <br> Defendants. ) | Case No.: 2:25-cv-00151 <br><br> Magistrate Judge Maureen P. Kelly <br><br> *Electronically filed* |

## STIPULATION OF CONFIDENTIALITY AND QUALIFIED PROTECTIVE ORDER

This Stipulation of Confidentiality and Qualified Protective Order ("Stipulation and Order") is made by and between Plaintiff Amy Whitsel, M.D. ("Plaintiff") and Defendants, Allegheny Clinic, a subsidiary of West Penn Allegheny Health System, Inc. ("Allegheny Clinic") and Allegheny Health Network ("AHN") (collectively Allegheny Clinic and AHN are referred to as "Defendants") (each a "Party," and collectively, the "Parties"), as follows:

1. This Stipulation and Order shall apply to all confidential and proprietary information produced, provided or otherwise disclosed in the above-captioned action (the "Action").

2. This Stipulation and Order is entered for good cause to govern the use, disclosure and safekeeping of "Confidential Material" as defined in Paragraph 3 below.

3. DEFINITIONS. In addition to the terms designated above, the following terms, as used herein, shall have the following meanings:

    (a) "Document" or "Documents" shall mean all originals, copies and non-identical copies, however produced or reproduced, of any printed, typed, handwritten, graphic, electronic or otherwise recorded matter of whatever character, including, but not

limited to, files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, interoffice communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings, motion pictures, drawings, tangible things, computer programs, computer data, e-mail, electronically stored information, electronic files and data files. Without limiting the generality of the foregoing, the term "Documents" includes, but is not limited to, answers and responses to interrogatories, requests for production and requests for admissions; documents produced by any Party or non-party in this Action pursuant to the Federal Rules of Civil Procedure governing discovery, subpoena, or by agreement; deposition transcripts and exhibits; and any parts of any papers filed with a court (*e.g.*, pleadings, motions, petitions, briefs) that quote from, summarize, characterize or attach any of the foregoing.

(b)     "Confidential Information" shall mean any Document or information that is reasonably and in good faith considered by a Party (or a non-party producing Documents or information) to contain or constitute proprietary, trade secret or commercially-sensitive information; information generally regarded as confidential by the producing Party or non-party; information received in confidence from third parties; private or confidential personal information; sensitive information involving personal, financial, medical, matrimonial or family matters; or any other non-public information that, if disclosed, could cause legally cognizable harm to any person. Without limiting the generality of the foregoing, examples of the types of information that may be designated as "Confidential Information" include, but are not limited to: (i) proprietary or commercially-sensitive patient, client, sales, compensation, benefits, or business information; (ii) individualized personal information of Plaintiff, including Plaintiff's personnel file, performance

2

information, compensation and benefits information, and medical records and medical information; (iii) personnel files, performance information, compensation and benefits information, and medical records and medical information of non-parties; (iv) sensitive personal information of Plaintiff, patients, students, employees or other individuals, such as social security numbers, names of minors, non-public contact information, and medical information; (v) documents relating to quality assurance reviews and investigations into Plaintiff and/or non-parties; (vi) information protected from disclosure by statute, including the Health Insurance Portability and Accountability Act ("HIPAA"); (vii) patient files, health records, medical histories, charts, imaging, reports, notes or other sensitive information relating to patients, including protected health information ("PHI") as defined in the HIPAA regulations at 45 C.F.R. Parts 160 & 164; and (viii) complaints and allegations of policy violations and/or unlawful conduct made by Plaintiff and/or non-parties.

(c) "Confidential Material" shall mean any Documents or information designated as Confidential Information in accordance with Paragraph 4 below.

(d) "Designating Party" shall mean any Party or non-party that designates any Documents or information as Confidential Information in accordance with Paragraph 4 below.

4. <u>DESIGNATING CONFIDENTIAL INFORMATION.</u> The Parties hereby agree that this Stipulation and Order protects Confidential Material, which term is defined in Paragraph 3 above to mean any Documents or information designated as Confidential Information in accordance with this Paragraph 4:

(a) Any Documents or information may be designated as Confidential Information by conspicuously stamping, writing or affixing the label "CONFIDENTIAL" to the Document or information (which on the first page of any multi-page Document shall mean the entire Document). Alternatively, the Designating Party may provide written notice to counsel for the Parties that clearly identifies the Document(s) or information to be designated as Confidential Information. Any Documents or information so designated shall be treated as Confidential Material in accordance with the provisions of this Stipulation and Order. Any failure to immediately designate Documents or information as Confidential Information shall not preclude the making of such a designation in the future pursuant to the procedures set forth herein.

(b) Confidential Material may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Stipulation and Order. When Confidential Material is used or referred to at a deposition, the portion of the deposition transcript that relates to such Confidential Material shall be treated as Confidential Material under the provisions of this Stipulation and Order. In addition, deposition testimony (or any portion thereof) and deposition exhibits may be designated as Confidential Information either on the record at a deposition or in writing at any time within thirty (30) days after receipt of the deposition transcript. Until expiration of the thirty (30) day period, the entire deposition transcript, and all exhibits thereto, shall be treated as Confidential Material under the provisions of this Stipulation and Order.

5. <u>CONFIDENTIAL TREATMENT OF HEALTH INFORMATION</u>.

(a) To be clear, this Stipulation and Order is intended to be, but is not intended to be limited to, a Qualified Protective Order as provided for under and compliant with

HIPAA, including without limitation, 45 C.F.R. § 164.512(e)(1)(iv) and (v). It is expressly understood and agreed by the Parties that all protected health information ("PHI") as defined in the HIPAA regulations at 45 C.F.R. Parts 160 & 164 shall be deemed to be and treated as Confidential Material under the provisions of this Stipulation and Order, notwithstanding any failure to affirmatively designate PHI as Confidential Information in the manner set forth in Paragraph 4 above.

(b)     The Parties agree that because of the privacy interests involved in patients' health information, ALL Confidential Material specifically relating to patients shall be treated with extra caution, such that identifying personal information of patients, including but not limited to names, social security numbers, addresses, and other contact information, are to be redacted prior to production. Should a Party take issue with such a redaction (or the lack thereof), the Parties agree that they will follow the steps set forth in Paragraph 7 below. For any patients that the Parties agree are integral to this Action, Defendant will develop identifiers and will separately provide Plaintiff with a confidential list including those identifiers and the names of the corresponding patients. The Parties further agree that these identifiers, and not the patients' actual names or other personal identifying information, will be used throughout litigation of this Action, including any appeal.

6.     <u>LIMITS ON USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL</u>.

(a)     <u>Use for this Action Only</u>.  Any and all Confidential Material produced, provided or otherwise disclosed in this Action shall be used solely for the purpose of litigating this Action, including hearings, trial and any appeals therefrom, and for no other purpose. It is, however, understood that counsel for a Party may give advice and opinions to his or her client(s) solely relating to this Action base on his or her evaluation of

5

Confidential Material. Notwithstanding the foregoing, nothing in this Stipulation and Order shall restrict a Party's use or disclosure of its own Confidential Information.

(b)     <u>Non-Disclosure</u>.  Except as otherwise provided in this Stipulation and Order or with the prior written consent of the Designating Party, Confidential Material may not be disclosed to any individual or entity, in any form whatsoever.

(c)     <u>Permissible Disclosures</u>.  In addition to the Parties and their respective officers, employees and legal counsel and staff who are actively engaged in the litigation of this Action, including persons employed by such counsel to the extent reasonably necessary to render professional services in this Action, access to and disclosure of Confidential Material shall be limited to:

  i.     The Court and such personnel as the Court may authorize, including staff and court reporters;

  ii.    Court reporters and employees of court reporters engaged by counsel to transcribe or videotape testimony in connection with this Action;

  iii.   Any person identified as having authored or previously having received or created the Confidential Material and whose review of such material is reasonably necessary for the prosecution or defense of this Action;

  iv.    Consultants, experts and potential expert witnesses retained to assist in the prosecution or defense of this Action, but only to the extent reasonably necessary for the prosecution or defense of this Action and subject to any such person having executed a Confidentiality Undertaking in the form attached hereto as Exhibit A;

  v.  Any person from whom testimony is taken or is to be taken in this Action, except that such a person may only be shown Confidential Material during and in preparation for his/her testimony, may only be shown Confidential Material that is reasonably related to his/her testimony, may not retain any Confidential Material, and must have executed a Confidentiality Undertaking in the form attached hereto as Exhibit A;

  vi.  Vendors retained by or for a Party to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, , litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their secretarial and clerical employees whose duties and responsibilities require access to such materials, and who have executed a Confidentiality Undertaking in the form attached hereto as Exhibit A;

  vii.  Any mediator, special master or other third party selected by the Parties or appointed by the Court for settlement purposes or resolution of discovery or other disputes and their necessary staff, and, to the extent other non-parties are involved in any such settlement meetings, those other non-parties, provided they are made aware of and agree to abide by the provisions of this Stipulation and Order; and

  viii.  Any other person designated by written agreement between the Parties or by order of the Court.

(d) <u>Confidentiality Undertaking</u>.  Before those categories of persons described in Paragraphs 6(c)(iv)-(vi) above may be permitted access to any Confidential Material, such a person shall have both (i) read a copy of this Stipulation and Order and (ii) executed a Confidentiality Undertaking in the form attached hereto as Exhibit A.  Counsel for the Party disclosing Confidential Material to any such persons shall be responsible for maintaining the original Confidentiality Undertakings signed by them.  With respect to vendors under Paragraph 6(c)(vi) above, an owner or manager of any such vendor may sign on behalf of the vendor's employees.

(e) <u>Disclosure to the Court</u>.  Confidential Material shall not be filed with or otherwise disclosed to the Court except where reasonably necessary for the prosecution or defense of this Action.  Unless otherwise agreed by the Parties in writing, to the extent that any Confidential Material is quoted, summarized, characterized and/or attached to any papers filed with the Court (*e.g.*, pleadings, motions, petitions, briefs), the filing Party shall either redact such Confidential Material or request that the filing be made with and maintained by the Court under seal in accordance with applicable law and Court rules.  To the extent necessary prior to filing, a Party or the Parties shall confer with the Court regarding appropriate procedures for protecting Confidential Material in court filings.

(f) <u>Public Knowledge</u>.  The restrictions and obligations of this Stipulation and Order relating to Confidential Material shall not apply to any Documents or information that the Parties agree or the Court rules (subject to exhaustion of all possible appeals) is or has become public knowledge.

7. <u>CHALLENGING CONFIDENTIALLY DESIGNATIONS</u>. In the event a Party disagrees with a Designating Party's confidentiality designation, the confidentiality designation may be challenged in accordance with the following:

(a) <u>Timing</u>. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the confidentiality designation is made.

(b) <u>Meet and Confer</u>. A Party that elects to initiate a challenge to any confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In so conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable time to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

(c) <u>Formal Challenge</u>. If, after engaging in the meet and confer process, a dispute as to a confidential designation of a Document or information cannot be resolved by agreement, the challenging Party may present the dispute to the Court by filing a motion for an order regarding the challenged confidentiality designation.

(d) <u>Confidential Treatment During Pendency of Dispute</u>. Any Documents or information that are the subject of a dispute regarding a confidentiality designation shall

9

be treated as Confidential Material under the provisions of this Stipulation and Order unless and until the challenged confidentiality designation is removed by a final, non-appealable order of a court or the Parties agree otherwise in writing.

8. INADVERTENT FAILURE TO DESIGNATE. Inadvertent failure to designate Documents or information as Confidential Information at the time of disclosure may be remedied by supplemental written notice to counsel for the Parties that clearly identifies the Document(s) or information to be designated as Confidential Information. Upon receipt of such notice, any Documents or information so designated shall be treated as Confidential Material in accordance with the provisions of this Stipulation and Order. Any Party receiving such notice shall make a reasonable, good-faith effort to ensure that, in addition to the Document(s) or information so designated, any analyses, memoranda, or notes that were generated based upon such newly designated Document(s) or information are immediately treated as Confidential Material. Any Party receiving such a notice shall likewise make every reasonable effort to retrieve the newly designated Document(s) or information from any persons not authorized to view or possess Confidential Material under the provisions of this Stipulation and Order.

9. CUSTODY AND SAFEKEEPING OF CONFIDENTIAL MATERIAL.

(a) Counsel of record are responsible for employing reasonable measures, consistent with this Stipulation and Order, to control access to and distribution of Confidential Material. Persons receiving Confidential Material under this Stipulation and Order are prohibited from disclosing it to any person except in conformance with this Stipulation and Order. The recipient of any Confidential Material provided under this Stipulation and Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use

10

and/or dissemination of such information as is exercised by the recipient with respect to its own confidential and proprietary information. The duplication of Confidential Material shall be limited to what is reasonably necessary for the purposes of litigating this Action.

(b) In the event any Party or person having possession custody or control of any Confidential Material is served with or receives a subpoena, investigative demand, notice, request, order or other process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity requesting or otherwise seeking any Confidential Material, such Party or person shall promptly notify counsel for the Designating Party in writing along with a copy of all relevant documents, including the document requesting Confidential Material, to enable the Designating Party to take whatever steps it deems appropriate to protect the Confidential Material. The Party or person receiving such a request shall be entitled to comply with it only if the Designating Party does not seek or unsuccessfully seeks, after exhaustion of all possible appeals, an order modifying or quashing the request for Confidential Material.

10. <u>RIGHT TO CLAIM CONFIDENTIALITY PRESERVED</u>.

(a) A Party may waive the confidentiality provisions of this Stipulation and Order as to any Confidential Material only by explicit written waiver. Any such written waiver shall not result in a waiver of the confidentiality status of any other Documents or information designated as or deemed Confidential Information pursuant to the provisions of this Stipulation and Order.

(b) To the extent that the Parties, their counsel, representatives working on this Action, or retained consultants or experts must openly attest to or introduce Confidential Material into evidence, such use shall not constitute a waiver of the right to claim that such

information is confidential, and the Confidential Material shall continue to be held in confidence by any persons who have access to such information under the provisions of this Stipulation and Order.

(c) The inadvertent or unintentional disclosure of Documents or information not designated as Confidential Information at the time of disclosure shall not be deemed a waiver in whole or in part of any claim of confidentiality, either as to the specific Documents or information disclosed or as to any other Documents or information relating thereto or on the same or related subject matter.

(d) No Confidential Material shall lose its confidential status on account of being disclosed to a person not authorized to access or receive Confidential Material under the provisions of this Stipulation and Order. If a Party inadvertently discloses Confidential Material to anyone who is not authorized to access or receive Confidential Material under the provisions of this Stipulation and Order, the inadvertent disclosure shall be reported in writing to the Designating Party within five (5) business days of knowledge of such disclosure. In that event, the Party that made the inadvertent disclosure shall make all reasonable efforts to retrieve the Confidential Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Material in accordance with the provisions of this Stipulation and Order.

11. <u>PRIVILEGED MATERIAL</u>.  If Documents or information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any Party nevertheless is inadvertently produced to such a Party, such production shall not prejudice, or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, statutory or regulatory confidentiality protection, or other ground for

withholding production to which the disclosing Party otherwise would be entitled. If a claim of inadvertent production is made with respect to Documents or information then in the custody of another Party, such Party shall, within five (5) business days, return to the claiming Party or person that material as to which the claim of inadvertent production has been made. The Party returning such material may file an application consistent with the Court's protocols for an order compelling the production of the material, but said application shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

12. RETURN OR DESTRUCTION OF CONFIDENTIAL MATERIAL. At the conclusion of this Action, all Confidential Material and any copies thereof shall be promptly (and in no event later than forty-five (45) days after a request by the Designating Party or entry of final judgment no longer subject to further appeal, whichever is later) returned to the Designating Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential. For avoidance of doubt, to the extent the Parties maintain custody and control of any Confidential Material independent of this litigation and the Parties' working relationship (for example, historical medical records for a patient that is presently being treated) that information is not anticipated to be destroyed by this paragraph.

13. EFFECT OF STIPULATION AND ORDER.

(a) The terms of this Stipulation and Order constitute an agreement between the Parties and shall be effective as to all Parties and as to all Confidential Material, regardless of whether or when this Stipulation and Order is entered or approved by the Court.

(b) This Stipulation and Order shall remain in full force and effect indefinitely until modified, superseded, or terminated by executed written agreement of the Parties hereto or by order of a court.

(c) This Stipulation and Order may be amended by agreement of the Parties in the form of a written amendment hereto. Any such written amendment shall be submitted to the Court for approval.

(d) If any order or judgment in this Action is appealed to any appellate court, as a matter of right, discretion, or otherwise, the Parties agree that this Stipulation and Order shall continue to have full force and effect and shall govern the use of Confidential Material in any such appeal.

14. **RULE 502(d) CLAWBACK**

(a) <u>No Waiver by Disclosure.</u> This portion of the Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a Party discloses information in connection with the pending litigation ("Producing Party"), that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal, state, arbitration, or any other proceeding – of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(b) <u>Notification Requirements; Best Efforts of Receiving Party.</u> A Producing Party must promptly notify the Party receiving the Protected Information (the "Receiving Party"), in writing that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney-client privilege and/or constitutes trial preparation material. Upon such notification, the

Receiving Party must – unless it contests the claim of attorney-client privilege or protection as trial preparation material in accordance with paragraph (3) – promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (b) provide a certification that it will cease further review, dissemination and use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

    (c)    <u>Contesting Claims of Privilege or Protection as Trial Preparation Material.</u> If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must – within 30 days of receipt of the notification referenced in Paragraph 14(b) – move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

    (d)    <u>Stipulated Time Periods.</u> The parties may stipulate to extend the time periods set forth in subparagraphs 14(b) and (c).

(e) <u>Burden of Proving Privilege or Protection as Trial Preparation Material.</u> The Disclosing Party retains the burden – upon challenge pursuant to Paragraph 14(c) – of establishing the privileged or protected nature of the Protected Information.

(f) *In Camera* Review. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

(g) <u>Voluntary and Subject Matter Waiver.</u> This Order does not preclude a party from voluntarily waiving the attorney-client privilege or trial preparation material protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

(h) <u>Rule 502(b)(2).</u> The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

(i) <u>Other Clawback and Confidentiality Obligations.</u> This Order does not affect or rescind any other obligations contained in this Order governing protection of confidential information to which the parties have otherwise agreed.

(j) <u>Severability</u>. The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

15. <u>ENFORCEMENT</u>.  The Parties agree that the United States District Court for the Western District of Pennsylvania shall have and retain jurisdiction to enforce the terms of this Stipulation and Order during and after the conclusion of this Action.

16. <u>OBJECTIONS, DEFENSES AND OTHER MATTERS PRESERVED</u>. Entering into, agreeing to, complying with and/or enforcing the provisions of this Stipulation and Order shall not:

(a) Prejudice or limit the right of any Party to object to any discovery on any otherwise permissible ground;

(b) Prevent or preclude any Party from applying to the Court for modification of this Stipulation and Order or relief from any of its provisions;

(c) Prevent or preclude any Party from applying to the Court for a protective order or for an order compelling discovery, including with respect to deposition testimony and the production of Documents or information;

(d) Prevent or preclude any Party from seeking protective relief from the Court in connection with the use of Confidential Material in court filings or at any hearing, trial or other proceeding in this Action;

(e) Constitute an admission, agreement, finding or ruling that any Document or information is or is not subject to discovery or admissible as evidence in this Action; or

(f) Be deemed to be a waiver of any applicable privilege, including the attorney-client and physician-patient privileges.

**STIPULATED AND AGREED** on this 27th day of March, 2025:

Respectfully submitted,

| | |
|---|---|
| */s/ Nicole Daller* | */s/ Amanda M. Scarpo* |
| Nicole Daller, Esq. | Jaime S. Tuite (PA 87566) |
| Pa. I.D. #312224 | jaime.tuite@bipc.com |
| Vicki K. Horne, Esq. | Amanda M. Scarpo (PA 318596) |
| Pa. I.D. #36578 | amanda.scarpo@bipc.com |
| Giulia R. Schaub, Esq. | |
| Pa. I.D. #330375 | BUCHANAN INGERSOLL & ROONEY PC |
| | Union Trust Building |
| HORNE DALLER LLC | 501 Grant St., Suite 200 |
| 1380 Old Freeport Rd., Suite 3A | Pittsburgh, PA 15219 |
| Pittsburgh, PA 15238 | Telephone: 412-562-8800 |
| Phone: (412) 967-9400 | Fax: 412-562-1041 |
| Fax: (412) 967-0465 | |
| ndaller@hornedaller.com | *Counsel for Defendants* |
| vkhorne@hornedaller.com | |
| gschaub@hornedaller.com | |
| | |
| *Counsel for Plaintiff* | |

**SO ORDERED:**

_____   DATE:_____
J.