IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY WHITSEL, M.D., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 25-0151 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 22 |
| ALLEGHENY CLINIC, *a subsidiary of West* ) | |
| *Penn Allegheny Health System, Inc.*, and ) | |
| ALLEGHENY HEALTH NETWORK ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

Presently before the Court is a Motion for Leave to Conduct Further Plaintiff's Deposition Pursuant to [Fed. R. Civ. P.] 30(d)(1) filed on behalf of Defendants Allegheny Clinic and Allegheny Health Network (collectively, "AHN"). ECF No. 22. AHN contends that despite an initial deposition of Plaintiff Amy Whitsel, M.D. ("Dr. Whitsel") for 7 hours as provided for in Rule 30(d)(1), it requires 6 additional hours to explore documents produced after the deposition and new factual assertions in Dr. Whitsel's First Amended Complaint. Id. Thus, consistent with Federal Rule of Civil Procedure 26(b)(1), the proposed extended deposition is proportional to the needs of the case.

Dr. Whitsel responds that AHN fails to meet its burden of establishing good cause for a second deposition lasting six hours. ECF No. 26. Dr. Whitsel states that she initially agreed to a second deposition lasting no longer than 4.5 hours, but given the reasons now asserted by AHN, a deposition lasting longer than 2 hours is all that is necessary in this straightforward employment case. Id. Dr. Whitsel asserts that the additional documents total 133 pages, most of which are

introductory training confirmations and Human Resources documents. Id. at 5. AHN also spent approximately 5.5 hours in the initial deposition covering the issues raised in the Dr. Whitsel's newly alleged facts including her whistleblower claim, AHN's performance defense and counterclaims, and Whitsel's discrimination claims. Id. at 5-6. Whitsel contends that under the circumstances, the proposed additional 6 hours would be unreasonably cumulative or duplicative and beyond the scope of permissible discovery under Rule 26(b)(1). Id. Thus, an additional 2 hours is all that is required to explore the recently produced documents and Whitsel's breach of contract claim.

Rule 30(d)(1) provides that a deposition is limited to one day of seven (7) hours, unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 30(d)(1). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Id. An award of additional time under Rule 30(d)(1) is limited by Rule 26(b)(2)(C), which restricts discovery that is unreasonably cumulative or duplicative or if the party seeking the discovery had ample opportunity to obtain the information. Fed. R. Civ. P. 26(b)(2)(C).

Courts consider six factors to determine whether there is good cause to extend the time for a deposition: (1) whether an interpreter is needed; (2) whether the examination covers events occurring over a long period of time; (3) whether the witness will be questioned about numerous or lengthy documents; (4) whether documents have been requested but not produced; (5) whether the time to examine the witness is divided between multiple parties; and (6) whether the witness is an expert. See Servis One, Inc. v. OKS Grp., LLC, 2022 WL 1399087, at *2 (E.D. Pa. May 4, 2022) (discussing Advisory Committee notes).

In this case, the only factor implicated is the recent belated third-party production of documents that total 133 pages. That said, AHN also should be permitted to explore newly alleged facts and claims that were not addressed in the initial deposition. In doing so, given the length of the initial deposition and the apparent overlap in issues and claims previously addressed, two hours is sufficient to fairly examine Dr. Whitsel.

Accordingly, IT IS HEREBY ORDERED this 28th day of August 2025 that AHN's Motion for Leave to Conduct Further Plaintiff's Deposition Pursuant to [Fed. R. Civ. P.] 30(d)(1), ECF No. 22, is granted in part and denied in part. To the extent not cumulative or duplicative, AHN may depose Dr. Whitsel on a single day for 2 hours, limited to AHN's Counterclaims, the recent Independence Health System document production, and Dr. Whitsel's newly asserted claims in the First Amended Complaint.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via NEF